```
                    United States Bankruptcy Court
                    Middle District of Pennsylvania
```

In re:                                                    Case No. 16-02974-RNO
Kelly A. Fegley                                           Chapter 13
         Debtor            **CERTIFICATE OF NOTICE**

District/off: 0314-1          User: karendavi       Page 1 of 1          Date Rcvd: Aug 31, 2016
                             Form ID: pdf002        Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 02, 2016.
db          +Kelly A. Fegley,   6243 Harding Avenue,   Harrisburg, PA 17112-1736
4813446      Capital One,   PO Box 30281,   Salt Lake City, UT 84130-0281
4823097      Capital One Bank (USA), N.A.,   PO Box 71083,   Charlotte, NC 28272-1083
4813448     +Convergent Outsourcing,   800 SW 39th Street,   Renton, WA 98057-4975
4813450     +Diversified Adjustment Service, Inc,   600 Coon Rapids Blvd,   Coon Rapids, MN 55433-5549
4813451     +Firstsource,   205 Bryant Woods South,   Amherst, NY 14228-3609
4813452     +Forte Music,   550 North Mountain Road,   Harrisburg, PA 17112-2383
4813453     +Jeremy Fegley,   6348 Knapp Road,   Harrisburg, PA 17111-4583
4813454     +Lower Paxton Township Auhtority,   425 Prince Street, Suite 139,   Harrisburg, PA 17109-3053
4813455     +National Recovery Agency,   2491 Paxton Street,   Harrisburg, PA 17111-1036
4813456     +Nationstar Mortgage,   8950 Cypress Waters Boulevard,   Coppell, TX 75019-4620
4813457     +North Shore Agency,   270 Spagnoli Road, Suite 110,   Melville, NY 11747-3515
4813458     +Northland Group,   PO Box 390905,   Minneapolis, MN 55439-0905
4813461      THD/CBNA,   PO Box 6497,   Sioux Falls, SD 57117-6497

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4813449     +E-mail/Text: electronicbkydocs@nelnet.net Aug 31 2016 19:16:26      Dept of Education/Nelnet,
              121 South 13th Street,   Lincoln, NE 68508-1904
4813459      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 31 2016 19:13:58
              Portfolio Recovery Associates LLC,   120 Corporate Blvd, Suite 100,   Norfolk, VA 23502
4823706      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 31 2016 19:16:18
              Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
              Harrisburg, Pa. 17128-0946
4813460     +E-mail/PDF: gecsedi@recoverycorp.com Aug 31 2016 19:13:35      SYNCB/GAPDC,   PO Box 965036,
              Orlando, FL 32896-5036
4818041     +E-mail/Text: electronicbkydocs@nelnet.net Aug 31 2016 19:16:26
              U.S. Department of Education C/O Nelnet,   121 S 13TH ST, SUITE 201,   LINCOLN, NE 68508-1911
                                                                              TOTAL: 5


            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4813447*     Capital One,   PO Box 30281,   Salt Lake City, UT 84130-0281
                                                              TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2016                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 31, 2016 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
          Johanna Hill Rehkamp   on behalf of Debtor Kelly A. Fegley jhr@cclawpc.com,
           jlaughman@cclawpc.com;jbartley@cclawpc.com
          Joshua I Goldman   on behalf of Creditor   NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee   ustpregion03.ha.ecf@usdoj.gov
                                                                       TOTAL: 4
```

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

KELLY A. FEGLEY
Debtor

: **CHAPTER 13**
: **CASE NO.** 1 - 16 -bk- 02974
:
: **CHAPTER 13 PLAN**
:
:     (Indicate if applicable)
:   0  **# MOTIONS TO AVOID LIENS**
:   0  **# MOTIONS TO VALUE COLLATERAL**
:
: ✓ ORIGINAL PLAN
:     AMENDED PLAN
:         (Indicate 1$^{ST}$, 2$^{ND}$, 3$^{RD}$, etc.)

---

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

### PLAN PROVISIONS

**DISCHARGE:** (Check one)

[✓]     The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ]     The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[✓]     This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

## 1. PLAN FUNDING AND LENGTH OF PLAN

### A. Plan Payments

1. To date, the Debtor(s) has paid $___0.00___ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $9,360.00_____, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 8/16 | 7/17 | $120.00 | $0.00 | $120.00 |
| 8/17 | 7/19 | $150.00 | $0.00 | $150.00 |
| 8/19 | 7/21 | $180.00 | $0.00 | $180.00 |

| | Total Payments: $ | 9,360.00 |
|---|---|---|

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: [✓] Debtor(s) is at or under median income

[ ] Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

### B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ 0.00 from the sale of property known and designated as _____ _____. All sales shall be completed by

2

_____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

    2.      Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

    3.      The Debtor estimates that the liquidation value of this estate is $ _____0.00_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

## 2.    SECURED CLAIMS

    A.    <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

    B.    <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | | Principal Balance of Claim | |
|---|---|---|---|---|---|
| Nationstar Mortgage | Residence: 6243 Harding Avenue, Harrisburg, PA | $ | Per POC | $ | Per POC |
| | | $ | | $ | |
| | | $ | | $ | |
| | | $ | | $ | |

C.     Arrears. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | | Estimated Post-petition Arrears to be Cured | | Estimated Total to be paid in plan | |
|---|---|---|---|---|---|---|---|
| Nationstar Mortgage | Residence: 6243 Harding Avenue, Harrisburg, PA | $ | Per POC | $ | 0.00 | $ | See Rider |
| | | $ | | $ | | $ | |
| | | $ | | $ | | $ | |
| | | $ | | $ | | $ | |

D.     Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

Case 1:16-bk-02974-RNO    Doc 3    Filed 07/20/16    Entered 07/20/16 16:25:24    Desc
Main Document     Page 4 of 10
Case 1:16-bk-02974-RNO    Doc 16    Filed 09/02/16    Entered 09/03/16 00:54:36    Desc
Imaged Certificate of Notice    Page 5 of 11

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| N/A | | $ | % | $ | |
| | | $ | % | $ | |
| | | $ | ⅓ | $ | |

\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| N/A | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

F. Surrender of Collateral. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| N/A | |

5

G.    <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| N/A | |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H.    <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

      [✓] Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

      (1)    Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

      (2)    Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

      (3)    Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

## 3.    PRIORITY CLAIMS

A.    Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

6



| Name of Creditor | Estimated Total Payment |
|---|---|
| Lower Paxton Township Authority | $ 5,672.24 |
| | $ |
| | $ |

B. <u>Administrative Claims</u>:

 (1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

 (2) Attorney fees. Check only one box:



  ☑ In addition to the retainer of $___1,000.00___ already paid by the Debtor, the amount of $___3,000.00___ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

  ☐ $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

 (3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| N/A | $ |
| | $ |
| | $ |

4. **UNSECURED CLAIMS**

 A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| N/A | | $ | % | $ |
| | | $ | % | $ |

7

Case 1:16-bk-02974-RNO Doc 3 Filed 07/20/16 Entered 07/20/16 16:25:24 Desc
Main Document Page 7 of 10
Case 1:16-bk-02974-RNO Doc 16 Filed 09/02/16 Entered 09/03/16 00:54:36 Desc
Imaged Certificate of Notice Page 8 of 11

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| N/A | | $ | % $ | | $ | |
| | | $ | % $ | | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | $ | % $ | | $ |
| | $ | % $ | | $ |

8. **OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

See Attached Rider

8

9. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the Trustee in the following order:

Level 1:    .
Level 2:    .
Level 3:    _____
Level 4:    .
Level 5:    .
Level 6:    .
Level 7:    .
Level 8:    _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:      Adequate protection payments.
Level 2:      Debtor's attorney's fees.
Level 3:      Domestic Support Obligations.
Level 4:      Priority claims, pro rata.
Level 5:      Secured claims, pro rata.
Level 6:      Specially classified unsecured claims.
Level 7:      General unsecured claims.
Level 8:      Untimely filed unsecured claims to which the Debtor has not objected.

## GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: _____ July 20, 2016 _____     /s/ Johanna H. Rehkamp, Esquire
    Attorney for Debtor

    /s/ Kelly A. Fegley
    Debtor


    Joint Debtor

9

Case 1:16-bk-02974-RNO    Doc 3    Filed 07/20/16    Entered 07/20/16 16:25:24    Desc
Main Document     Page 9 of 10
Case 1:16-bk-02974-RNO    Doc 16    Filed 09/02/16    Entered 09/03/16 00:54:36    Desc
Imaged Certificate of Notice     Page 10 of 11

Rider to Special Provisions of Chapter 13 Plan
Kelly A. Fegley
1-16-bk-02974

The Debtor reserves the right to amend her Plan to reflect claims as filed and as allowed by the Court.

Any Liens, to the extent that they exist as to the Debtors' property, shall be divested and avoided at discharge, except for the liens of Nationstar Mortgage, the lien holder on Debtor's residence, and Lower Paxton Township Authority, which is paid as a Priority in the Plan, until their claims are paid in accordance with Debtor's Chapter 13 Plan.

2C. The Debtor proposes to cure pre-Petition arrears due on her residence outside of the Chapter 13 Plan to Nationstar Mortgage, through a consensual mortgage modification. Debtor will file the application for loan modification within thirty (30) days of the filing of this Chapter 13 Plan. If Debtor obtains the loan modification, the appropriate motion seeking approval of the modification through this Court will be filed. If the Debtor is denied a loan modification, she will either file a motion to modify her Chapter 13 Plan to provide for payment of the pre-Petition and post-Petition arrears to Nationstar Mortgage, or to surrender her interest in the real estate to Nationstar Mortgage.

Debtor reserves the right to sell any real or personal property upon the filing of an appropriate Motion with the Court.

The automatic stay shall remain in effect until such time as the Plan is fully consummated by payments to the Trustee or otherwise modified or terminated by specific Order of the Court.

Debtor has agreed to pay $4,000.00 as the Presumed Reasonable Fee and has paid $1,000.00 towards that fee pre-petition to Cunningham, Chernicoff & Warshawsky, P.C. The balance of $3,000.00, is requested to be paid through the Plan. The Debtor has been informed that Cunningham, Chernicoff & Warshawsky, P.C. reserves the right to file a fee application if any extraordinary or extra fees are incurred, to be charged at Cunningham, Chernicoff & Warshawsky, P.C.'s regular hourly rates. Any such additional charges will be submitted to the Court as is necessary.